Rifkin Holdings, et al., 2019-2009, Mr. Archibald. Good morning, and may it please the Court. Fundamentally in this case where a jury trial had been requested, the District Court erred by ruling on the Defendant's summary judgment motion as if, without any markmen or other claim construction proceeding, it had conducted a bench trial on the issue of infringement, rather than an inquiry into whether the Defendants had met their burden of demonstrating non-infringement sufficient. The local rules allow the Court to not conduct a markmen hearing in certain circumstances, right? That's correct. If there was not a dispute, for example. There was confusion initially, I think, by counsel about whether the patent rules, and I know the panel has in mind Maryland being one of the 13 model districts to run a 10-year experiment with specific patent rules and where they interact. So in this case, and if we look at Appendix 88, we see the scheduling order there that the Court went through what it was going to do, but then there was the boilerplate in the scheduling order that it's Roman Rule 6, the Court will require compliance with the local rules. Of course, the local rules would include in this instance. Right. But the local rules also include an exception that says that normally we do X, but we don't have to do X. That's certainly true, Your Honor. Absolutely, it was the Court's right to not have it go through that, and the Court's right to, even though the Chief Judge was not a member of the panel, to hear the case. But there was confusion in the minds of counsel. Why do I say that on this issue? That is because there was a motion, a joint motion, to clarify, to have the Court clarify whether the local patent rules, as they related to claim construction and as they related to infringement contentions, whether those applied or not to the case. Why don't you direct your argument to the claims in relation to the accused activities? I mean, that's what the case is about. It is, but one of the issues was claim construction. Let me go right to where you're, Your Honor. Did you, what, where did you tell the Court that claim construction was, was determinative of the outcome of the summary judgment motion? I did not say it was determinative. It did set forth in the response to the defendant's statement of undisputed facts in the section where Zeto, LLC responded to that, they set out their contentions as to any number of these, did you claim terms? Propose any constructions in response to the motion for summary judgment? The Court had, we proposed in the response what were pointed out. We did not propose specific ones because the Court had entered, and it's on page 175 of the appendix, that the Court had entered a clarificatory order saying claim construction will come later. The Court specifically had entered that order in response to a joint motion for clarification by counsel, and I would submit to the panel that had there been no issues of claim construction, it would have been pointless for counsel to be approaching the Court and saying, Your Honor, tell us, does 805, claim construction, apply to this or not? Okay, but let's get to the summary judgment motion. In response to the summary judgment motion, did you say that with respect to the issues being addressed by the summary judgment, claim construction will impact the Court's analysis of those issues? What we said, and I believe it was implicit in response, was what was set out in the response to the defendant's statement of undisputed facts. Right. And so what was that that you said? What we said was for the claim term reader identifier, it could be, and posited using the language of the patent, it could be such things as manual input. And that was specifically asserted in the response to the defendant's statement of undisputed facts. So what words were you asking the Court to construe, and what support did you give for the conclusion that it could cover manual input? We understood that claim construction, pursuant to the judge's motion for clarification, was to come later, so there was not, which was completely getting, as everyone recognizes, the Court at the cart, I should say, before the horse, because claims instruction is the first thing, of course, that has to be addressed in a summary judgment infringement. And here, the Court, the day before the briefing, it was January 31, entered a clarificatory order saying we'll deal with claim construction later. It's explicitly what is said there. And that, I would submit, took away a requirement for there to be claim construction right then and there. Right then and there. And really, it starts with the scheduling order. The case went off the rails in terms of the summary judgment that is before Your Honors. It went off the rails because the Court was, in his mind, going to consider summary judgment of infringement without addressing the claim construction first. And that led to the issues there. As to the other issues, the fact disputes, as to the things that the Court did address, the first point I would make is we come to the matter, first of all, of what time was this infringement alleged? It was alleged right from March 14. The Court found that the Court and the defendants did not challenge the allegation in the complaint that there was not one system, but rather that there was a first system, that there was an interim system, and then there was a system in two years after that, in 2016. Did not address that. The significance of that is with that allegation, first of all, of a changing system. And with the Court having found that the system was used from 2014, March of 2014, the only thing before the Court from the defendants who had full access to employment until June of 2015, and spoke to not having knowledge before that. Spoke to he understood things, or he, I think, understood was the word that he used. When I would submit, and we say it in our brief cases, where they had control of the device to not present any evidence, and the burden, of course, in the first instance, was on them for non-infringement. Of course, it's you say that they had the burden of proving non-infringement. That's not true. I misspoke myself. They had the burden initially of coming forward. Yes. And it's your burden to say that at trial, under the standards that would be applicable at trial, that there is the material issue of fact with respect to that question. Correct. And I think that is really starkly illustrated in the way that the declaration of Mr. Zito was addressed both by the defendants and by the Court. The Court, nobody suggested that it was not on personal knowledge and should be stricken under Rule 62. Well, the Court did specifically find that it was not corroborated. And the only corroboration you cited was the RPM manual. And the Court went on at length to say why that doesn't actually corroborate. That was the Court's view. I would submit that in taking the inferences in favor of the non-movement in this circumstance, that that was not appropriate. And secondly, it wasn't just that, Your Honor. There was also the Ripken patent application that was in the record before the Court that also pointed to the fact that there were disputes. It really comes down, I submit, and really is brought home when one reads the language of the defendants and their opposition. Well, who's to say that Mr. Zito saw what he said, that sort of thing? Those are fact disputes, as this Court and others have held for the truth. Did you ask the Court to delay the summary judgment ruling until you could conduct discovery on the accused product? No. There was no Rule 56F motion in this case, Your Honor. I see that I've gone into my rebuttal time, and so I'll defer. We will save it for later. Mr. Mandeaver. Good morning, Your Honors. William Mandeaver on behalf of the Ripken defendants. May it please the Court. I guess I'd like to start where the argument started, and that was that the claim construction would come later. And I don't really understand that argument because, of course, in the summary judgment context, you have to construe the Court. As the Court noted, there was no requirement that the patent local rules be applied. There was an initial scheduling order where the judge made it very clear after we told him we think there's a misunderstanding of the operation of the product that we want to file an early summary judgment motion. The Court granted it, gave the Zito... But, I mean, there was, to some extent, a conclusion that the patent did not cover manual operation, right? By who, Your Honor? You're saying it doesn't cover... RPM system, you say in the summary judgment motion, is that rather than the Zito approach, the RPM system required an operator to select the appropriate parameters and routines and then input those. Yes, Your Honor. I mean, we don't... So, clearly, there was some, at least, construction that the Court had to undertake to say it did or didn't require those. Well, first of all, this issue of manual input, we, that's exactly what we do. The Zito, their amended complaint indicated a couple of different versions, one of which said, talked about manual operation. So, we addressed that. We addressed that, and as part of that contention, Zito had said that the keyboard could be the reader that's in the claims of all the claims of the both patents. We disputed that. Then, in the opposition to summary judgment, that was just dropped. It was never raised again. In fact, when it came to the argument section of their summary judgment motion, Zito mentioned only the RFID bracelet and the RFID reader. So, he just abandoned any suggestion that he was trying to read it on manual input. And that's what the Court found. He said there was no claim constructions. The District Court decision, no claim construction, and found there's no genuine issues of material fact. He found, as the Court noted, that we do it very differently than the claims. We have the requirement. I guess what I'm trying to understand is, if the conclusion ultimately on infringement is that you do it differently than the claims, doesn't the Court at least have to analyze the claims to some extent to say you do it differently? Well, as the Court noted in the decision, there were no claim disputes. We laid out exactly the requirements of the claims in our motion, and the Court concluded there was no claim construction issues, no disputes. We specifically said that all the claims of both patents require that there be a processor executing code based on read-in user information. And based on that read-in user information, the system's configured. That's not how we do it. That's what we set forth in our summary judgment motion. The way the RPM system works is, rather than a processor executing code to configure the system, what the RPM system requires is an operator, manually input the different parameters and the different configurations. But isn't it more accurate then to say that it's... I mean, because if you're saying you're not covered by the claims, and the other side is saying you are covered by the claims, there's clearly a claim dispute. Ultimately, what the Court concluded is that there wasn't a genuine issue of material fact, because it was never fleshed out as it relates to what the words of the claims are. Again, the District Court didn't think there was an issue as claim construction. They accepted the position that we set forth in our opening summary judgment brief. Right, which was a certain conception of what the claims cover. And that conception excludes manual operation in such a system. And so, in that sense, you were putting forward a certain understanding of what those claims meant, and the judge accepted that understanding of the claims, and then concluded that your accused system doesn't match that understanding of the claims. And in essence, though, this is all premised on a certain conception of what the claims mean, i.e. some version of a claim construction. Not a formal claim construction, but nevertheless a certain understanding of the claims. Isn't that right? Yeah, absolutely, Your Honor. The Court understood the claims. But I guess your position is there was no dispute as to that particular understanding of the claims. That's correct, Your Honor. Which is to say that nobody at summary judgment disputed that the claims exclude some form of manual operation of the system. That's right, Your Honor. In order to launch the balls this way, that way. That's right, Your Honor. In fact, if you look at the argument section of Zito's opposition to our summary judgment motion, they don't argue manual at all. They argue the configuration where the RFID bracelet and the RFID reader are used exclusively. It just doesn't talk about manual at all. There's some passing reference to manual, as counsel noted. But when it came to actually argue, there was really no... We would say that there was no real argument that the patent covered manual input parameters. Let me talk about, for a moment, the different systems that counsel raised. He said there are three different systems. They raised this in their reply brief. And they base it on the different claim charts that are attached to the amended complaint. If you look at those three different versions that they claim, they're really just two configurations. The configuration where there's an RFID bracelet and an RFID reader, and those cases where the user information is simply input directly into the system without this RFID communication. That's it. That's the only versions. And both of those versions were... I wouldn't even call them versions. They're the same RPM system, just configurations. Those both weren't fully addressed in our motion. So this idea that there were different... Does it submit any evidence other than the RPM manual that that's actually the way the system was operated during the relevant time period? So, Your Honor, we submitted the declaration of Mr. Stringfellow. He did come on in June of 2015. Mr. Zito claims he saw this, he observed this operation in late spring 2014. But besides the RPM manual, there's the walkthrough specification, which also confirms it. All the documents that have been in this case confirm that there's just one way that the system works. Their alleged complaint doesn't talk about different versions or there was this evolution of products. It's just one RPM system. They never took any discovery. They never took a deposition to try to say they were... try to establish that there was something different than just one RPM system. And to give that argument any kind of legs, you really have to give way to the Zito declaration, which the court found was self-serving, lack of corroboration, and was conclusory. And if you read our summary judgment motion, when you read it and you come away, you understand the big argument of non-infringement is the fact that, no, we don't have a processor with code executing instructions to figure out this read-in user information. We manually input the parameters. But your argument is that you don't have a readable user identifier that has the patent contemplated. That's one of the arguments, Your Honor. I mean, again, another big argument is the fact that the system, we established this very clearly, never used user information to configure this system. It's just completely different things. We use it to take the results that come out of the system and we pair it with the players to give, for example, a leader's board. We'd never use the user information to figure out what parameters are necessary. That's the Zito patent. It's completely different from what our system is. Unless there's any further questions, I would cede the rest of my time. Thank you, counsel. Mr. Archibald, has some rebuttal time left? Yes, but I don't believe I need to use it. I believe that the arguments of counsel demonstrated... Thank you for the arguments. The case is submitted.